F. L. Barnes, Appellant, v. John Love.

Sales: WARRANTY: INSTRUCTION.   An instruction that any positive
1   statement of fact and not of opinion as to the quality or condi-
    tion of the thing sold, which naturally and fairly shows that the
    seller intended to bind himself to its truth and the buyer so under-
    stood and relied upon the statement, constitutes a warranty, and is
    not open to the objection that it makes the existence of the
    warranty depend upon the sellers intention to bind himslf to the
    truth of the statement.

Same.   Where the courts instructions in a breach of warranty suit
2   in the sale of a horse, were all on the theory that if the animal
    was affected at the time of the sale with "moon blindness" she
    was unsound within the terms of the claimed warranty, and no
    other unsoundness was referred to in the evidence, a further
    instruction that disease of the eyes would constitute unsound-
    ness was not necessary.

*Appeal from Mahaska District Court.*—Hon. Byron W.
Preston, Judge.

WEDNESDAY, FEBRUARY 17, 1909.

ACTION to recover the consideration paid in the pur-
chase of a mare.   Plaintiff alleged a warranty of sound-
ness, breach of such warranty, and rescission on account
of such breach.   Defendant interposed a counterclaim for
the keeping of the mare after she was returned to him in
pursuance of the attempted rescission.   There was a ver-
dict against the plaintiff as to his claim, and in favor of
defendant for expense of keeping, and from judgment
on this verdict the plaintiff appeals.—*Affirmed.*

*David David* and *W. H. Keating,* for appellant.

*Bolton & Bolton,* for appellee.

McCLAIN, J.—The sole question of fact involved in
the case is whether the defendant warranted the mare to
be sound or only warranted her sound so far as he knew.
This issue was submitted to the jury, and was determined
against the plaintiff by the verdict. There is no claim
that the verdict is without support in the evidence, and
there is nothing in the record on which the contention of
the appellant that the verdict was the result of passion
and prejudice and should be set aside on that ground can
be sustained. The unsoundness complained of by plain-
tiff was that the animal was afflicted with periodic or re-
current ophthalmia, commonly known as "moon eyes," and
that this fact was not discovered by plaintiff until about
a month after the purchase, when he promptly returned
the animal on that account, claiming that the disease con-
stituted a breach of oral warranty. The suggestion that
our decision may become a valuable precedent as to the
nature and cause of the disease of "moon blindness" in
horses has not persuaded us that any such discussion is
important or justified. Conceding that the animal had
that disease, and that it would constitute a breach of war-
ranty of soundness, the question remained under the evi-
dence whether the warranty was unqualified.

As to the instructions, the chief complaint is of one
in which the jury was told that "any positive statement
or affirmation of fact and not of opinion as to the quality
or condition of the thing sold made by the
seller in the course of the negotiations, and
naturally and fairly importing that he in-
tends to bind himself to its truth, and so understood and
replied upon by the buyer, constitutes a warranty." So
much of the instruction is quoted for the purpose only of
showing that it is not open to the objection made by ap-
pellant that under it the defendant would not be bound

1. SALES:
   warranty:
   instruction.

by the statement made unless he intended to bind himself to its truth.   The question whether the language used constitutes a warranty is not made to depend upon the intention of the plaintiff, and the criticism of the instruction is without merit.

Another instruction is criticised because the jury is not told that disease of the eyes would constitute unsoundness, and it is contended that the court erred in refusing to give two instructions asked by plaintiff on this question; but the court instructed the jury throughout on the theory that, if the animal was afflicted at the time of sale with so-called "moon blindness," she was unsound within the terms of the warranty contended by plaintiff to have been given and the jury could not possibly have misunderstood the instructions in this respect.   No other unsoundness than that was referred to in the evidence.

2. SAME.

Complaint is made of each of the other instructions given, but the objections seem to be so entirely without foundation that we deem it unnecessary to discuss them. The mere reading of the instructions has satisfied us that they fairly presented to the jury all the questions necessary for their determination in reaching a verdict.

Alleged errors in the admission of evidence are recited in the argument, but without discussion, and it is unnecessary to elaborate the grounds of possible objection in order to show that they are without merit.

The judgment is *affirmed*.